UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-409-BO

| | |
|---|---|
| EDWARD BERNARD MCKEE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| ENVIRONMENTAL QUALITY, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motions [DE 11 & 19] to dismiss plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff has responded, and in this posture, the matter is ripe for adjudication.

## BACKGROUND

Edward Bernard McKee is a black man who has worked for the North Carolina Department of Environmental Quality ("DEQ") as an Engineer II since 2009. Over those years, McKee's duties have changed in relation to the needs of the DEQ. Plaintiff makes two Title VII discrimination claims against DEQ.

First, McKee claims disparate treatment because of his race. Namely, that he is being paid less than two other white Information Technology Business System Analysts II ("IT BSA II"). [DE 16 ¶ 48]. McKee also claims that he is paid the same or less than other white Engineer IIs within his division. [DE 16 ¶ 49–51].

Second, plaintiff alleges that he has been performing duties more consistent with an IT BSA II. [DE 16 ¶ 47]. DEQ allegedly refused to reclassify McKee as an IT BSA II. McKee argues

DEQ's refusal was due to racial discrimination. He also claims that DEQ failed to promote him to IT BSA II because of his race.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

DEQ first moved to dismiss McKee's original complaint. McKee then filed an amended complaint, which DEQ has also moved to dismiss. Because an amended complaint supersedes the original complaint, *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017), the motion to dimiss the original complaint is moot and the Court considers only the motion to dismiss the amended complaint.

McKee's claims can be divided into two categories: (1) claims regarding DEQ's alleged disparate treatment of McKee and (2) DEQ's failure to promote or reclassify McKee as an IT BSA II.

I. Plaintiff's disparate treatment claim is procedurally barred.

Title VII of the Civil Rights Act of 1964 requires that plaintiff exhaust administrative remedies before filing suit in federal court. 42 U.S.C. §§ 2000e-5(b), (f)(1). "Title VII's charge-

2

filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851, 204 L. Ed. 2d 116 (2019). "If the discrimination claims exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred. A claim will also typically be barred if the administrative charge alleges one type of discrimination – such as discriminatory failure to promote – and the claim encompasses another type – such as discrimination in pay and benefits." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022).

Plaintiff's EEOC charge was limited to DEQ's failure to promote or reclassify him as an IT BSA II. Thus, plaintiff's disparate treatment claim is beyond the scope of his EEOC complaint and is thus procedurally barred.

II. DEQ's alleged failure to promote or reclassify him as an IT BSA II.

McKee claims DEQ failed to promote or reclassify him as an IT BSA II position. "While a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582 (4th Cir. 2015) (quoting *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010)). "The mere fact that a certain action is potentially consistent with discrimination does not alone support a reasonable inference that the action was motivated by bias." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). In essence, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

McKee's "failure to promote" claim fails because he has not alleged that he was qualified for an IT BSA II position, that the position went to a less qualified white applicant, or that he even applied to an IT BSA II position.

McKee's "failure to reclassify" discrimination claim fails because he has not alleged DEQ's failure to reclassify as an IT BSA II was due to his race. Moreover, McKee has not alleged that a white employee was granted reclassification while his request was denied. Instead, McKee asserts he is qualified for a position that white employees currently hold. That assertion – even if true – is insufficient to sustain a Title VII discrimination claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the original complaint [DE 11] is DENIED AS MOOT and its motion to dismiss the amended complaint [DE 19] is GRANTED. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this __13__ day of July, 2023.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:22-cv-00409-BO-RN   Document 26   Filed 07/13/23   Page 4 of 4